IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KATTY RODRIGUEZ-VIVES,
Plaintiff

v.                                              CIVIL NO. 05-2136(DRD)

COMMONWEALTH OF P.R., et al.,
Defendants

**ORDER**

Pending before the Court is co-defendant German Ocasio, in his official and individual capacity *Motion to Dismiss Under Fed.R.Civ.P. 12(B)(6)* (Docket No. 16) moving the Court to dismiss plaintiff's causes of action against the co-defendant for plaintiff's failure to state a claim upon which relief can be granted. For the reasons stated herein, co-defendant's motion is hereby **DENIED**.

Firstly, the Court notes that defendants are piecemeal litigating their defenses hence wasting the Court's time and unnecessarily stalling the proceedings. At Docket No. 8, the Commonwealth of Puerto Rico requested the dismissal of plaintiff's claims. However, co-defendant German Ocasio, Chief for the Puerto Rico Firefighters Corps, failed to raise his defenses in said motion to dismiss. Now, appearing for the first time, the PRFC Chief, technically on default, moves for dismissal despite the gratuitous generous Order provided by the Court to submit its Answer to the Complaint on or before July 5, 2006.

In the Opinion and Order issued by the Court on June 19, 2006, (Docket No. 15) the Court determined that individual defendants were subject of prospective injunctive relief and/or liable in their individual capacity for monetary damages. The defenses raised by the PRFC's Chief in the instant motion to dismiss as to lack of supervisory liability under §1983 are better suited for summary disposition after discovery has concluded.

It is known that the law in this Circuit is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.." *Conley v. Gibson*, 355 U.S. 41, 45-46,(1957); *Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991). There are allegations on record, in the complaint, as to co-defendant German Ocasio at ¶17 (letter to plaintiff by Ocasio assuring her that she was on the Eligibility List and that she would be evaluated and considered). She was not, hence there are allegations that preclude a Motion to Dismiss. The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*,83 F.3d 1,3 (1st Cir. 1996)(citations omitted); see also *Berríos v. Bristol Myers Squibb Caribbean Corp.,* 51 F.Supp.2d 61 (D.Puerto Rico 1999). Further, defendants cannot be filing motions to dismiss on Stalingrad defense mode (one by one piecemeal type). See Rule 12(g) and (h), Fed.R.Civ.P.

Defendants are forewarned that their Answer to the Complaint shall be filed **on or before July 5, 2006**. Otherwise, the Court shall Order Entry of Default against individual defendants in their official and individual capacity. The parties are reminded that a litigant who disobeys a Court's order does it at its own peril. **Counsel have been duly forewarned. Absolutely any request for an extension of time shall be SUMMARILY DENIED and/or any other attempt to stall the proceedings shall be severely sanctioned. This case is almost one year old and defendants cannot be further stalling the case in a federal courts.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 21st day of June 2006.

                                    S/DANIEL R. DOMINGUEZ
                                    DANIEL R. DOMINGUEZ
                                    U.S. DISTRICT JUDGE